UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BRIAN CARROLL and ASHLEY CARROLL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WYNDHAM VACATION RESORTS, INC. ) <br> and COMENITY LLC d/b/a COMENITY ) <br> BANK, ) <br> ) <br> Defendants. ) <br> ) | Case No. 6:20-cv-00028-PGB-LRH |

**DEFENDANT WYNDHAM VACATION RESORTS, INC.'S MOTION TO DISMISS**

Defendant Wyndham Vacation Resorts, Inc. ("Wyndham"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to dismiss the Amended Complaint filed by Plaintiffs Brian Carroll and Ashley Carroll ("Plaintiffs" or "Carrolls") on March 19, 2020 (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. Plaintiffs cannot by amendment cure the defects in their Amended Complaint. Wyndham therefore respectfully requests that the Court grant this Motion and dismiss Plaintiffs' claims against Wyndham with prejudice.

**I.   INTRODUCTION**

Plaintiffs try to recast the same factual allegations from their original Complaint under different legal claims in their Amended Complaint in an attempt to survive Wyndham's Motion to Dismiss. Yet, despite their artful repleading, Plaintiffs still fail to state a claim in any of

their counts.  Plaintiffs now purport to allege violations of the Truth in Lending Act ("TILA") and Regulation Z (Count I), the Florida Consumer Collection Practices Act ("FCCPA") (Count II), the Florida Deceptive and Unfair Trade Practices Act ('FDUTPA") (Court VI), and the Declaratory Judgment Act (Count VII).  Plaintiffs' TILA and Regulation Z claim is based on a far-fetched assertion that Wyndham is Comenity's agent, contrary to the Federal Reserve Board's and Consumer Financial Protection Bureau's dispositive interpretations of TILA and Regulation Z.  The FCCPA claim and the Declaratory Judgment Act claims are unchanged from the original Complaint and still fail to state legally cognizable claims.  Plaintiffs' new FDUTPA claim similarly lacks fundamental prerequisites.

Given that Plaintiffs continue to fail to state individual claims against Wyndham, class treatment of their claims would be improper.  Further, membership in Plaintiffs' alleged classes is not reasonably ascertainable and would require hundreds, if not thousands, of mini-trials simply to determine class membership.  For these reasons, Plaintiffs' claims should be dismissed with prejudice.

## II.     OVERVIEW OF RELEVANT ALLEGATIONS

The relevant allegations pertaining to Plaintiffs' transaction with Wyndham are limited. Plaintiffs claim that on March 19, 2019, they were asked to attend a Wyndham sales presentation, during which an unnamed "Wyndham[] representative" asked for "Plaintiffs' personal financial information, which the representative explained, was required before Plaintiffs could sit through the presentation." *Id.* at ¶¶ 77–78.  Plaintiffs provided their personal financial information.  *Id.* at ¶79.  Plaintiffs claim that, at the end of the presentation, Mr. Carroll explained that the timeshare offered was unaffordable because he was "in the military,"

and that Plaintiffs did not want to be bound by a contract. *Id.* at ¶ 83. The representative allegedly offered Plaintiffs a "no interest deal, payable by monthly installment payments of $100," *without a contract*. *Id.* (emphasis added). Plaintiffs claim they then agreed to, and Wyndham issued, a Club Wyndham Discovery Membership Agreement. *Id.* at ¶ 84, Ex. B.

Plaintiffs claim that, unbeknownst to them, "Wyndham's representative submitted a credit card application to Comenity with Mr. Carroll's information. *Id.* at ¶ 80. Also allegedly "[u]nknown to Plaintiffs, Wyndham's representative charged $3,753.06 to the unauthorized credit card account, without the Plaintiffs' knowledge or consent, to pay for the timeshare." *Id.* at ¶ 86

## III.   ARGUMENT

### A.   Motion to Dismiss Standard.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint must allege a sufficient factual basis "to state a claim to relief that is *plausible* on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although this pleading standard does not require overly detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint cannot rest on "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and

alleging "[t]he mere ***possibility*** the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (emphasis added). In other words, merely pleading legal conclusions without specific factual support will not cut it, and a complaint that does no more than couch legal conclusions as factual allegations is doomed to fail, because legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 ("While legal conclusions provide the framework for a complaint, they must be supported by factual allegations."); *see also id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Twombly*, 550 U.S. at 555 (the court need not "accept as true a legal conclusion couched as a factual allegation"); *Sinaltrainal*, 578 F.3d at 1260 ("'unwarranted deductions of fact' in a complaint are not admitted as true for purposes of testing the sufficiency of plaintiff's allegations").

All of Plaintiffs' claims arise under federal and state statutes. "The starting point in statutory interpretation is the language of the statute itself." *Bankston v. Then*, 615 F.3d 1364, 1367 (11th Cir. 2010). "If the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case and the statutory scheme is coherent and consistent, the inquiry is over." *Id.*

### B. Plaintiffs Cannot State A Claim Under the Truth in Lending Act or Regulation Z.

Plaintiffs cannot state a claim against Wyndham under the Truth in Lending Act ("TILA") or Regulation Z because Wyndham is not a card issuer. Under TILA, a card issuer is "any person who issues a credit card, or the agent of such person with respect to such card." 15 U.S.C. § 1602(o); *accord* 12 C.F.R. § 1026.2(a)(7). Both the Federal Reserve Board and

4

4818-9272-6712

the Consumer Financial Protection Bureau Official Staff Interpretations of Regulation Z have provided guidance on the meaning of "agent" in this context:

> An agent of a card issuer is considered a card issuer. Because agency relationships are traditionally defined by contract and by state or other applicable law, the regulation does not define agent. Merely providing services relating to the production of credit cards or data processing for others, however, does not make one the agent of the card issuer. In contrast, a financial institution may become the agent of the card issuer if an agreement between the institution and the card issuer provides that the cardholder may use a line of credit with the financial institution to pay obligations incurred by use of the credit card.

12 C.F.R. Pt. 226, Supp. I; 12 C.F.R. Pt. 1026, Supp. I, Part 1.  Official interpretations of Regulation Z are dispositive unless they are "demonstrably irrational." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980).

Courts applying this guidance have held that, to be an agent of a card issuer, "there must be an agreement that 'the cardholder may use a line of credit with the financial institution to pay obligations incurred by use of the credit card.'"  *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1120 (7th Cir. 2003).

Plaintiffs do not, and cannot, allege that Wyndham is a card issuer.  Nor do Plaintiffs allege that Wyndham has the kind of relationship with Comenity that the Federal Reserve Board, the Consumer Financial Protection Bureau, or the courts have recognized as an agency relationship with a card issuer within the meaning of TILA and Regulation Z.  Plaintiffs' general allegations that Wyndham is Comenity's agent cannot override the official interpretations of the relevant statute and regulation.  Because Plaintiffs cannot allege that Wyndham is Comenity's agent, and therefore not a card issuer within the meaning of TILA and Regulation Z, Plaintiffs cannot claim that Wyndham violated the Unsolicited Issuance

Rule, 12 C.F.R. § 1026.12(a)(1), 15 U.S.C. § 1642.  Therefore, Plaintiffs cannot state a claim against Wyndham under TILA or Regulation Z.

### C. Plaintiffs Cannot State A Claim Under the FCCPA.

Plaintiffs also cannot plead a claim under the FCCPA.  To state a claim under the FCCPA, Plaintiffs must establish that: (1) Wyndham is a debt collector; (2) Plaintiffs were the objects of collection activity arising from a consumer debt; and (3) Wyndham engaged in an act or omission prohibited by the FCCPA.  *See, e.g., Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1290 (M.D. Fla. 2017) (applying Florida law).  Mere conclusory allegations will not suffice for Plaintiffs to state a claim under the FCCPA.  *Richard v. JP Morgan Chase Bank, N.A.*, No. 18CV2095T30TGW, 2018 WL 6817077 at *2 (M.D. Fla. Dec. 27, 2018) (applying Florida law) (dismissing plaintiff's FCCPA complaint partially on the basis that plaintiff's allegations that defendant made calls to collect a debt were conclusory and otherwise "failed to allege any facts to link the calls to an attempt to collect a debt").  Plaintiffs have not, and cannot, plausibly allege any element of an FCCPA claim.

First, Plaintiffs do not allege, beyond conclusory statements, that Wyndham acted as a debt collector within the meaning of the FCCPA.  A "debt collector" under the FCCPA is "any person who uses any instrumentality of commerce within this state . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  § 559.55(7), Fla. Stat.  Plaintiffs do not allege that they owe Wyndham a debt, nor do they allege that Wyndham has asserted otherwise.  Plaintiffs also do not allege any attempts by Wyndham to collect a debt from them after their initial purchase of their Discovery VIP membership.  Plaintiffs also do not allege that they are under any continuing obligation to pay

6

4818-9272-6712

Wyndham with regard to their Discovery VIP membership. *See* § 559.55(6), Fla. Stat. ("'Debt' . . . means any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . ."). Thus, Plaintiffs do not (and cannot) plausibly allege that Wyndham engaged in debt collection activity with regard to their Discovery VIP membership.

Further, Wyndham is not a creditor with regard to Plaintiffs' purchase. A creditor under the FCCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed…" § 559.55(5), Fla. Stat. Wyndham did not extend any credit to Plaintiffs, and Plaintiffs do not owe Wyndham any debt, because Plaintiffs admit that their Discovery VIP membership was paid outright using their Comenity credit card. For this reason, Plaintiffs cannot state a claim against Wyndham under the FCCPA.

### D. Plaintiffs Cannot State A Claim Under the FDUTPA.

Plaintiffs cannot state a claim under the FDUTPA. As shown above, Plaintiffs cannot state a claim against Wyndham under the FCCPA, the alleged basis for their FDUTPA claim. Even if they could, Plaintiffs' assertion that an alleged violation of the FCCPA is a *per se* violation of FDUTPA is contrary to settled Florida law. *See Cornette v. I.C. System, Inc.*, 280 F. Supp. 3d 1362, 1373 (S.D. Fla. 2017) ("Several courts have agreed . . . 'that debt collection activities are not 'trade or commerce' for FDUTA purposes . . . These cases hold that the debt collection activities at issue in those cases were not an attempt to advertise, solicit, provide, offer, or distribute any good or services or a thing of value, so FDUTPA does not apply.") (citing *Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1321 (S.D. Fla 2012); *State v. Shapiro & Fishman, LLP*, 59 So. 3d 353, 355–57 (Fla. 4th DCA 2011); *Law Office of David J. Stern, P.A. v. State*, 83 So.3d 847, 849–50 (Fla. 4th DCA 2011); *Kelly v. Palmer, Reifler &*

*Assocs., P.A.*, 681 F. Supp. 2d 1356, 1371–77 (S.D. Fla. 2010); *Trent v. Mortgage Electronic Registration Sys.*, 618 F. Supp. 2d 1356, 1365 n.12 (M.D. Fla. 2007)).  To the extent Plaintiffs base their FDUTPA claim on an alleged FCCPA violation, the FDUTPA claim must fail for the same reasons the FCCPA claim fails.

Further, to the extent Plaintiffs seek to allege a separate FDUTPA claim against Wyndham, they do not specifically allege the actions by Wyndham which they claim violated FDUTPA.  *See* Compl. ¶ 185.  Aside from the alleged FCCPA violation, Plaintiffs do not clearly state how Wyndham, as opposed to Comenity, allegedly violated FDUTPA.  Thus, Plaintiffs' FDUTPA claim lacks fundamental prerequisites and runs contrary to settled Florida law.

### E. Plaintiffs Do Not State A Claim For Declaratory Judgment.

Plaintiffs' claim for declaratory judgment essentially asks this Court for an advisory opinion, and therefore does not meet the requirements of the Declaratory Judgment Act, 28 U.S.C. § 2201.  The Declaratory Judgment Act permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  However, declaratory judgment is only available "in the case of an actual controversy."  *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (citations omitted).  "[U]nder the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests."  *Id.*  "The controversy between the parties . . . must be real and immediate, and create a definite, rather than speculative threat of future injury."  *Id.*  Thus, where there is no

real legal dispute threatening future harm to the plaintiff, declaratory judgment is not appropriate.

Here, Plaintiffs ask the Court to declare unlawful conduct that is already prohibited by TILA, FCRA, FDUTPA, and FCCPA. *See* Compl. at ¶ 191. The dispute in this case is not whether the conduct Plaintiffs complain of is prohibited by state and federal law, but whether Wyndham is liable for the claims Plaintiffs assert. Thus, there is no real legal dispute with regard to the declaration Plaintiffs seek. Further, Plaintiffs have not alleged any risk of future harm if declaratory judgment is not granted. Therefore, as to Plaintiffs' declaratory judgment claim, Plaintiffs have not alleged an actual controversy, and instead seek only an impermissible advisory opinion. As such, Plaintiffs' Count VII must be dismissed.

### F. Plaintiffs' Allegations Do Not Warrant Class Treatment.

As shown above, Plaintiffs fail to state any claim against Wyndham on an individual basis. For class treatment to be appropriate, Plaintiffs' claims must be typical of class claims, and Plaintiffs must be adequate representatives of the interests of the class. *See* Fed. R. Civ. P. 23(a). As Plaintiffs have not stated any individual claims against Wyndham, they cannot claim to be adequate representatives of a putative class, nor can they plead that their claims are typical of the claims of a putative class. As such, class treatment in this case is inappropriate.

Further, Plaintiffs define putative classes which are not reasonably ascertainable. "For a class to be certified, the Eleventh Circuit requires that the proposed class be adequately defined." *Sliwa v. Bright House Networks, LLC*, 333 F.R.D. 255, 266 (M.D. Fla. 2019) (internal quotations omitted). "A proposed class is adequately defined when the class definition contains objective criteria which allow for the identification of class members." *Id.* (citing

*Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015)).  A proposed class must also be clearly ascertainable. *Id.* at 269.

In *Sliwa*, this Court noted that the Eleventh Circuit, in unpublished opinions, has "previously found that to satisfy the ascertainability requirement, a plaintiff 'must propose an administratively feasible method by which class members can be identified.'" *Id.* (quoting *Karhu*, 621 F. App'x at 947). While this Court is not bound by unpublished opinions of the Eleventh Circuit, this Court in *Sliwa* recognized that "some reasonable level of administrative feasibility is necessary." *Id* at 269. A process for identifying class members that would rely on self-identification by class members "is intertwined with due process concerns and will necessarily require significant individualized inquiries. *Id.* at 272; *see also Karhu*, 621 F. App.x at 948–49 ("[P]rotecting defendants' due-process rights by allowing them to challenge each claimant's class membership is administratively infeasible, because it requires a series of mini-trials just to evaluate the threshold issue of which [persons] are class members.").

Each of Plaintiffs' class definitions would require hundreds, if not thousands, of mini-trials just to establish class membership. This is because Plaintiffs' classes are defined by those who allege that Wyndham acted without their consent.[1] There is no objective way for Plaintiffs

---

[1] Nationwide Class 1: "All consumers in the United States for whom Wyndham submitted a credit application to Comenity *without the consumer's consent* or who received a Wyndham-brand credit card, through Comenity, *without consent*, during the applicable statute of limitations." Compl. ¶ 97 (emphasis added).

Nationwide Class 2: "All consumers in the United States for whom Wyndham or Comenity obtained a consumer report *without the consumer's consent*, during the applicable statute of limitations." Compl. ¶ 98 (emphasis added). Additionally, Nationwide Class 2

to identify individuals who allege that Wyndham acted without their consent without considerable individualized litigation which would place great administrative burdens on the parties and the Court. Thus, even if Plaintiffs had stated legally-cognizable claims against Wyndham, their claims would not be appropriate for class treatment based on the class definitions Plaintiffs allege.

## IV.  CONCLUSION

For the reasons stated above, the Court should dismiss Plaintiffs' claims against Wyndham with prejudice.

Dated:  April 2, 2020

Respectfully submitted,

/s/ *Christi A. Lawson*
Mary Leslie Smith
Florida Bar No. 774243
mlsmith@foley.com
Angelica L. Novick
Florida Bar No. 105069
anovick@foley.com
Foley & Lardner LLP
2 South Biscayne Boulevard, Suite 1900
Miami, FL 33131-1832
Telephone: (305) 482-8400
Facsimile: (305) 482-8600

---

includes Wyndham, but Plaintiffs do not allege any claims against Wyndham with regard to Nationwide Class 2 or in any way relating to consumer reports.

Florida Class: "All consumers in Florida who were charged an amount under a Wyndham-brand credit card, through Comenity, *without the consumer's consent*." Compl. ¶ 99 (emphasis added).

11

Christi A. Lawson<br>
Florida Bar No. 498351<br>
clawson@foley.com<br>
Foley & Lardner LLP<br>
111 North Orange Avenue, Suite 1800<br>
Orlando, FL 32801-2343<br>
Telephone: (407) 423-7656<br>
Facsimile: (407) 648-1743

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Christi A. Lawson*
Christi A. Lawson